IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| v. | * Crim. Case No.: SAG-04-0004 |
| TYRELL FIELDS, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Defendant Tyrell Fields, who is serving a 300-month sentence in the Bureau of Prisons in this case, has filed a motion seeking compassionate release and a motion seeking relief pursuant to Amendment 821. ECF 389, 391. The government opposed both motions. ECF 403. This Court then appointed counsel for Mr. Fields, who supplemented the compassionate release motion. ECF 413. The government filed another opposition. ECF 417. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons addressed below, this Court will DENY Mr. Fields's Amendment 821 motion and will GRANT his compassionate release motion in part and reduce his sentence of imprisonment in this case to 276 months.

A. **AMENDMENT 821 MOTION**

Amendment 821, which applies retroactively, changes the allocation of "status points" added to a defendant's criminal history. Mr. Fields pleaded guilty to one count charging discharging a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The advisory guideline range for that offense is the mandatory minimum term of imprisonment, ten years.[1] *See* U.S.S.G. § 2K2.4(b); 18 U.S.C. § 924(c)(1)(A)(iii). The ten-year

---

[1] Mr. Fields received a much higher sentence as a result of an agreed disposition pursuant to Rule 11(c)(1)(C), taking into account relevant conduct. Additionally, Mr. Fields received an unrelated

guideline range is unaffected by a defendant's criminal history category. As a result, while Mr. Fields would be entitled to a one-category reduction in his criminal history category as a result of Amendment 821, his advisory guideline range would not change. The guideline provision governing reductions, 1B1.10(a)(2)(B), provides him no relief, because a defendant is not eligible for a reduced sentence if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* Mr. Fields's Amendment 821 motion, therefore, must be denied.

### B. COMPASSIONATE RELEASE

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." § 603(b)(1); 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Once a motion for compassionate release is properly filed, the Court (1) determines whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release; and (2) considers

---

60-month sentence for Retaliation against a Witness, imposed in *United States v. Fields*, 05-CR-00147-SAG. That sentence is not affected by this ruling.

2

whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

Here, the Government concedes that Mr. Fields adequately exhausted his administrative remedies. *See* ECF 417 at 6. Thus, this Court turns to whether he has established any "extraordinary and compelling reason[]" warranting further consideration of compassionate release.

The Fourth Circuit has held that "[w]hen deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The relevant policy statement is U.S.S.G. § 1B1.13, entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" (the "Policy Statement"). The Sentencing Commission amended that Policy Statement, with the amendments taking effect on November 1, 2023.

Before the November, 2023 amendments, the Policy Statement began with the phrase: "Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment" for certain enumerated reasons. U.S.S.G. § 1B1.13 (2021). In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit determined that the language in the Policy Statement did not encompass motions filed by defendants themselves, meaning that in connection with such motions district courts were "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2020)).

The November 1, 2023 amendments changed the beginning of the Policy Statement to read: "Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C.

3

§ 3582(c)(1)(A), the court may reduce a term of imprisonment" for certain specified reasons. U.S.S.G. § 1B1.13 (2023) (emphasis added). Thus, the amended Policy Statement is now expressly applicable to defendant-filed motions, like Mr. Fields's.

Although the November, 2023 amendments more closely cabin the "extraordinary and compelling reasons" a court may consider, there remains a catchall provision, "Other Reasons," at U.S.S.G. § 1B1.13(b)(5). That provision permits a court to find an extraordinary and compelling reason for relief where a "defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Paragraphs (1) through (4) address advanced age, serious illness, death in a defendant's family causing a need to care for family members, or defendants who have been victimized in jail. U.S.S.G. § 1B1.13(b)(1)–(4).

In this case, Mr. Fields argues that the extraordinary and compelling reason is that his present sentence is disproportionate to those his co-defendants have served and that he has been rehabilitated. In particular, he notes that the recognized leader of the violent drug trafficking organization at issue, Shawn Henry, had his sentence reduced to 246 months' imprisonment in 2016. This Court, however, calculates Mr. Henry's "true sentence" at 292 months, because the sentencing judge varied downward to account for 46 months Mr. Henry served in state custody, for which he would not receive federal credit. *See* ECF 221 at 2. Because, Mr. Fields argues, Mr. Henry was the more culpable, Mr. Fields's sentence should not exceed Mr. Henry's. Mr. Fields also argues that other co-defendants originally received 240-month sentences from the sentencing

4

judge, making his overall sentence higher than theirs. Finally, another co-defendant, Ryan Ayres, had his sentence reduced to 276 months by this Court in July of 2023.[2]

The Government disagrees with the comparative analysis, suggesting that defendants convicted of similar behavior in other cases have received sentences of 300 months or more, making Mr. Fields's sentence less than extraordinary. ECF 417 at 10–11. The Government also notes that Mr. Fields has incurred twenty-one disciplinary infractions in his almost twenty-two years of incarceration, including five within the last five years. This Court notes, however, that the vast majority of the infractions have been for low-level conduct to include disobeying guard directives, maintaining an untidy cell, and unauthorized cell phone use.

For several reasons, this Court is persuaded that the context of this case makes the disparity between Mr. Fields's sentence and Mr. Henry's extraordinary and compelling. Mr. Fields's sentence should not be greater than Mr. Henry's. First, this Court credits the assessments of relative culpability made by the original sentencing judge, Judge J. Frederick Motz, who originally sentenced Mr. Henry to 314 months (360 minus 46) and Mr. Fields to 300 months. Mr. Henry was later able to avail himself of a sentencing reduction because he had pled guilty to a drug trafficking offense and was eligible for relief under the First Step Act. Mr. Fields pled guilty to a firearms offense, which rendered him ineligible for a similar reduction. Both defendants, however, engaged in violent acts in furtherance of the same drug trafficking organization. In the current posture, Mr. Fields is serving 300 months, and Mr. Henry received a sentence, after the First Step Act adjustment, of just 292.[3] That flips the balance of culpability as assessed by Judge Motz when he

---

[2] Mr. Ayres participated in more acts of violence than Mr. Fields.
[3] This Court further notes that on January 24, 2025, an Amended Judgment indicates that President Biden commuted Mr. Henry's sentence. ECF 397. Because the reasons for presidential commutations vary and are not explained to the public, this Court does not find it appropriate to

originally sentenced the two defendants in 2005. This Court concludes that this present disparity demonstrates that Mr. Fields is serving an unusually long sentence. That, in combination with Mr. Fields's rehabilitative efforts, constitutes an extraordinary and compelling reason warranting further consideration of whether compassionate release should be afforded to Mr. Fields.

This Court then turns to the 18 U.S.C. § 3553(a) factors in determining whether it should reduce Mr. Fields's sentence. *See United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019); *United States v. Logan*, Cr. No. CCB-10-203, 2019 WL 3391618, at *1 (D. Md. July 26, 2019). Those factors include (1) "the nature and circumstances of the offense"; (2) "the history and characteristics of the defendant"; (3) "the need . . . to protect the public from further crimes of the defendant;" and (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). The Court may also consider the defendant's conduct since his conviction, which would include his disciplinary record in prison. *See Logan*, 2019 WL 3391618, at *1.

The nature and circumstances of Mr. Fields's offense were of course extremely serious: involvement in a drug conspiracy and, in particular, involvement in a non-fatal shooting of three people. Mr. Fields's history and characteristics are marked largely by his young age at the time of these offenses and his more recent conduct. While he has amassed twenty-one disciplinary infractions in the almost twenty-two years he has served, most of those were low-level infractions, including those sustained in recent years. His last infraction for fighting with another inmate was almost 20 years ago in 2007. Mr. Fields is now in his mid-fifties, and it is evident that his ability to comport his conduct with rules, while imperfect, has developed over time. And as addressed

---

consider the result of the commutation when weighing sentencing disparities. It premises its analysis on the sentence imposed on Mr. Henry by the Court.

above, there is an unwarranted sentencing disparity as things presently stand, mitigating in favor of some sentencing reduction.

Further, as to the need to protect the public, Mr. Fields's present anticipated release date, if this Court does not reduce his sentence, is January 23, 2030. This Court is not persuaded that an additional 24 months (the difference between a 300-month and 276-month sentence for this case) will better ensure that Mr. Fields is able to comply with the conditions of supervision or will not pose a threat to community safety. Despite his criminal history years ago and his infractions in the BOP, Mr. Fields's present record suggests that he does not pose a significant threat to community safety once he is released to carefully crafted conditions of supervised release. This Court believes, therefore, that reducing Mr. Fields's sentence in this case to 276 months will preserve his appropriate place within the hierarchy of co-defendants and is sufficient, but not greater than necessary, to address the purposes of the sentencing statute, 18 U.S.C. § 3553(a).

This Court therefore will enter an amended judgment reducing Mr. Fields's sentence in this case to 276 months of incarceration.

Dated: January 8, 2026                              /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge